Good morning. May it please the Court, Barry Ponticello on behalf of the Dutra Group, I'd like to request three to four minutes for rebuttal, if I may. Sure. Thank you. The Benefits Review Board erred in finding it had no jurisdiction by failing to act on a motion following a non-final order or by failing to act on a timely appeal which had been lodged with a governmental agency. These errors should be reversed and the matter should proceed to a hearing on the merits of the agreed causation issue. I want to first address the non-final basis of it. There's a number of authorities, Caitlin, In re Odyssey, Sharon V. Hill, Hamer, et cetera, talk about there needs to be an end to litigation for there to be a final order. We have a stipulation and an order by the ALJ which says the matter is going to proceed to the Ninth Circuit. It wasn't final. Oh, but that doesn't make any sense at all because it's final as to the agency is what we're talking about here. Whether it's going to proceed to the Ninth Circuit, in order to get to the Ninth Circuit, you need a final order. So if you say it's not final then you don't belong here at all. So the finality clearly in this instance is final with regard to the agency. Well, it contemplates... And you keep moving around in your briefs and so on and alighting that and calling the appeal, the appeal to the Ninth Circuit, but that's not the appeal we're talking about. We're talking about an appeal to the Benefits Review Board. Correct, but the Benefits Review Board had already addressed the merits of the causation issue previously and remanded it. And that's why under our law you could have gone directly from the ALJ decision. Well, you're referring to McGregor. And McGregor is a case that says the better part of valor is however to... Maybe the better part of valor, but you clearly could have done it. Well, we get back to the stipulation of the parties, which was that the case, the previous appeal and those issues, we identified all of the things that are listed that would move forward, which was the causation issue. Both parties agreed that it would proceed and there was nothing for the BRB to address. So wouldn't that have been at the time for you to file your appeal, a timely appeal to the board, and then move for summary or affirmance and explain this issue was decided, we're ready to appeal it to the Ninth Circuit. Or to do as Judge Berzon suggested and file the appeal directly to the Ninth Circuit under Berzon, but you didn't do either. Well, there's a number of ways that it could have been done. I would assert that one, with a non-final order, the motion was appropriate. The board had jurisdiction that way. And that's the last thing you might have been able to do, which was file the same motion you filed, but timely, before the earlier one became final. Sure. Well, that gets us, I guess, if the finality is not what the court wants to hear. And I would assert that it was not final and we were not agreed. There was nothing. There's a whole, we've noted a whole. You obviously thought there was some kind of a problem because you filed that motion. So why didn't you file it within the 30 days? Well, the motion was filed to put into effect the stipulation of the parties that it was moving to the Ninth Circuit. But it was after, by the agency's own rules, the ALJ decision became the final decision of the agency. Well, because there was already an agreement that it would proceed, it was already agreed by the parties and the motion to the BRB was to put into effect that stipulation. Right, which you could have done in a timely fashion, but you didn't. Well, we would assert that it was done in a timely fashion as an appeal. And so let me address that part. What do you mean as an appeal? If it were an appeal, it was certainly not timely. Well, under the authorities we've cited, which include NOAA and RABIN, stipulations can constitute an appeal if they have certain requirements to them. One is that the parties intend to appeal.  The adverse party has notice of the appeal. That's clear. And all the parties understand that's moving forward. No, it isn't clear. Because the only thing that the, I mean, now you're mixing up the two appeals again. Because the stipulation refers to an appeal to the Ninth Circuit, which isn't really an appeal, it's a petition for review. But it doesn't say anything about an intent to appeal to the BRB. Correct.  Well, there are two ways which the Benefits Review Board has jurisdiction, Your Honor. One was the non-finality, and we've talked about that a little bit. And the fact that Dutra was not in any way grieved from the decision. And the board rules, including CFR and I believe it's 902, talk about there needs to be an adverse finding or something to be aggrieved of. So I've addressed all that. But as far as the appeal, NOAA and RABIN talk about stipulations being the basis for an appeal. We meet all of those standards for those. And then we get to the regulations, CFR. I'm sorry, I don't understand that. I mean, once again, there is no mention in the stipulation about an appeal to the BRB. You mentioned McGregor, which is going directly to the Ninth Circuit, I believe earlier, that we could have done that. This can be construed in that manner and should be construed in that manner. But you didn't do that. In a timely manner, either. You could have done it within 60 days, but you didn't even make the motion within 60 days. We've got big problems here, is the bottom line. I would, Your Honor, I would disagree. Let me tell you why. Let me try to sum it up. If we look at Regulation 207A2, right, 207A2 say that notices of appeal submitted to any other agency or subdivision of the Department of Labor or the U.S. government or any state government shall be promptly forwarded to the clerk of the board. Well, that constitutes an appeal to the board. Our filing of a stipulation that further activities, including appeal to the Ninth Circuit, was contemplated, was agreed by the parties, both the Office of Administrative Law Judges who which received the stipulations and the award and served it on all of the parties, they had a duty. Their duty was to forward that to the clerk of a board as an appeal. And Noah and Robin both tell us that it doesn't need to be labeled as an appeal, titled as an appeal, as long as those indications that I stated earlier, the parties knew it was going to be an appeal. The adverse party is aware. All of the parties are operating as such. All of those are there. So the benefit, the Office of Administrative Law Judges, in and of themselves, when they received that stipulation and approved it, had an obligation to forward it to the board as an appeal. Wait a minute. But the stipulation itself says that the party intend to proceed to the Ninth Circuit. So wouldn't you be suggesting that the board had an obligation to forward it to the Ninth Circuit? And or the BRB. They had an obligation. But it doesn't say anything about the BRB. It says you want to appeal to the Ninth Circuit. So why would the... The reason... And what you specifically asked the ALJ to do is enter an order adopting your stipulation and say, okay, this is final here before me, now go do what you want to do. Why would the ALJ think, oh, now I need to process an appeal on behalf of these parties? Because of the regulation. The regulation indicates that if there's any indication of an appeal by any party, and this is... But an appeal to the board, not to the Ninth Circuit. I think that's the concern here. You are on a pretty thin reed to try and take advantage. I mean, there is some liberality, I give you that, on apparently there's case law that says that you don't have to be exacting to go to the board. But you do have to be exacting to come to the Ninth Circuit. This is a... It's a jurisdictional requirement. Sure. And I would assert that we met the jurisdictional requirement. When we have a stipulation that indicates further activity on a case, in specifics, a further appeal is lodged with the ALJ and approved under the regulation they have a duty to... Again, you're mixing up... This is what we keep telling you. You're mixing up the appeals. You're talking about the appeal to the Ninth Circuit and the appeal to the board, and they're different things. And there's mention in the stipulation of an appeal to the Ninth Circuit. First of all, I mean, if you... It's saying you may now proceed on the causation issue to the Ninth Circuit. It's not saying that you have already done it. It certainly contemplates that you're going to file a petition for review with the Ninth Circuit, not that this is it. But leaving that aside, whatever it is, it's not a... No indication of an appeal to the board. I think it goes to what Judge Nelson said about the liberality of it. We have... That's... I want to be clear. There is liberality, but you don't even seem to fit within that rule. Because I don't think it is, hey, any piece of information that says we have an intent to go somewhere, they have to process it. I mean, they read it, they said, we intend to go to the Ninth Circuit. Their job isn't to figure out how your proper vehicle is to get to the Ninth Circuit. Well, but their obligation under two... Am I saying it backwards? The regulation. The regulation is to forward to the clerk of a board anything that addresses an appeal. And when we look to Noah Rabin and those cases... That's, I think, the rub. Well, they don't think that we have case law that... We're pretty liberal, maybe more than we should be. We're not that liberal. Well, Your Honor, to be fair, though, what do we have here? We have parties that agree. I understand the practicality argument. I understand that everybody understood this was the intent of what was going on. That's not how you get jurisdiction in the Ninth Circuit. Well, you get jurisdiction, I'm asserting, in two ways. One is, we're not agreed by that decision. The decision of the ALJ in no way puts a duty on... As I understand it, there is both precedent in the board and secondary sources or from the board saying that what you do in this instance is file a motion for summary affirmance. And you didn't do that. But again, if you had filed the motion that you did file within the time limit before it became final, then you'd have a pretty good argument that that was sufficient to be an appeal. There would be no question. We wouldn't be here. We wouldn't be arguing about the jurisdiction and the 702A subsection and the finality. What I'm saying is, if you file something that wasn't called an appeal, it was called this motion to make it final. That's not technically correct, but it's probably good enough for the reasons Judge Nelson says, if it's timely. But if it's not timely, and the ALJ opinion is now final and the board has no jurisdiction, then it doesn't matter what you're calling it, it's already too late to do anything. It's timely as of the time that the ALJ... That's our assertion, is that at the time it's submitted to the ALJ, it meets all of the indications from the case law of an appeal. If we look at all of those cases, Noah Rabin, et cetera, they say parties can inartfully do it. They can do it prematurely. In Noah, it says the appeal was actually premature before the order, but they found that it was an appeal. Here, what do we have? We have a clear indication of an appeal by all the parties. We have the solicitor. I think it's very important to note the solicitor's role in two ways. One, when this first came before the court and they did their motion, they said, after the case is remanded, if Dutra is aggrieved by the remand decision, they may appeal. We weren't aggrieved by the remand decision. That's the solicitor's own indication on behalf of the Benefits Review Board. Then in this appeal currently pending, the solicitor asked for time to review this matter. Were you as a lawyer involved in this? I was the lawyer involved in the negotiations on the stipulation between the parties to ensure that this matter was proceeded. And when did you file the motion? My office did. Okay. Is there a reason why you waited until after both deadlines had passed before filing the motion? I think it's just the vagaries of practice. It was personally not my assignment to do, but I think it's important to note that Ziradnik has never sought to withdraw from the stipulation. Never sought to say, we didn't agree to go to the Ninth Circuit. So if it's excusable neglect, and that's the standard the court wants to consider, I think that's a reasonable way to look at it. But there was a clear intent, and getting back to the solicitor. Parties can't stipulate to our jurisdiction. Absolutely. Noah Footnote 2 says that. I agree. We are not asking that the court stipulate to... You're asking us to find an excusable neglect that would then give it to you. If that's one way, or the other... It isn't, because we can't. There isn't. I mean, we get very sad situations all the time of people who file petitions for review in immigration cases one day late, and there's nothing we can do about it. But you don't have where the parties have agreed, and the judge has approved that it would proceed to further appeals. It would proceed, but not that it is proceeding. Well, the intent was that it was the procession. You're now arguing that this document constituted a petition for review in the Ninth Circuit. I'm arguing that it was filed and approved by the ALJ and OWCP head of duty to... To do what? To forward it to the BRB. That's the one thing it doesn't say. Well, we're not getting anywhere, so... I'm going to reserve my time. Yeah, why don't we reserve some time? But if I may answer before I reserve the time, I believe that in considering the liberality, when there's appeals contemplated, the judge and the OWCP should have the duty to forward it to the BRB. Okay. Thank you. Thank you. Mr. Gilliland? Your Honor, may it please the Court, I am Joshua Gilliland, and I'm here to... Do anything about your volume? I hope I can, yes. Is it too low? Oh, that's better. No, that's good. Okay, good. I'm here on behalf of Ms. Ziradnik, whose right to the benefits she's been awarded for an injury that happened 10 years ago remains up in the air because of this long procedure of appeal that was never filed. Let me start with what the so-called stipulations before the ALJ actually said, as opposed to what Dutra is trying to turn them into. It said the parties acknowledge, and the claimant has never withdrawn from this, that the respondent may now proceed, while now being interpreted to mean after the ALJ enters the requested revised award, may now proceed on the causation issue to the Ninth Circuit. As the Court has already recognized, that doesn't say what they need to do in order to proceed to the Ninth Circuit, and it doesn't, certainly doesn't say, and Dutra is hereby proceeding. And under McGregor, that's accurate. They could now have proceeded the next day to the Ninth Circuit. They could indeed, correct. Then under Roman numeral IV in the requested order, it states things a bit differently. With the conclusion of remand issues, the trial-level issues are complete, such that the previously filed appeals can proceed. Well, that's just simply a very inartful way of putting what they meant, and as stated, it is obviously contrary to law. The previously filed appeals cannot proceed, and we certainly did not acknowledge that they, mean to acknowledge that they could, nor could we have stipulated to any such result. Do you agree that if he had filed the motion that he filed, the same exact motion, within 30 days, the Board could have acted on it, and that would have been fine? Despite the fact that it had the previous docket number of a fully resolved appeal, yes, the Board would have absolutely had the authority to treat that as a timely and proper notice of appeal from the decision on remand, and then entertain a motion for a summary affirmance. Or just what he asked. I mean, construe it as a motion for summary affirmance, because he was saying, just, you know, tell everybody that we can now go forward. Well, yes, but of course he did that long after the time for an appeal to the Board had run. So it's essentially a timeliness issue, not a question of what the piece of paper was. Absolutely correct. The only thing that's not precisely a timeliness issue is, as Dutra argues, there's no time limit on a motion, there's only a time limit on a jurisdictional time limit on a notice of appeal. But the motion was filed under the previous docket number, and it certainly was not timely as a new appeal, and it asked the Board to do something that the Board no longer had jurisdiction to do on that old, long-ago resolved appeal. But even on the current appeal, it couldn't have done it. I'm sorry? Even as to the current case, it couldn't have done anything then, because it had already become final. Correct. Correct. I mean, you can file motions later, but, I mean, listen, the motion, but the case is already final, so I don't know what a motion filed, if there's no deadline on motions, but isn't the implicit deadline when the case is still alive as opposed to dead? Yes. If the Court has no further questions, I don't mean to waste the Court's time. Okay. I think we're good. We'll hear a minute of rebuttal. Thank you very much. Thank you, Ernest. Just a few points. One is that the case was not final because the parties agreed it would go on, and so under all of the authorities that we cited, where you contemplate further litigation, where there's nothing to do more than just execute a judgment, we fit into all of those parameters that it was not final. As to the two, this case is of its own making. If it wasn't final, you couldn't come to the Ninth Circuit. Which is why we asked the BRB via a motion, because at the trial level, we had an order which was a non-final order, so we therefore did exactly what Your Honor stated. We asked the Court to declare it final, call it a motion for summary affirmance, so that it could get here. It was an intermediary step that McGregor says you should do, but I want to just talk lastly about the two issues we have here. Actually, McGregor says you don't have to do it. But it says the better part to ensure that the finality issue is that you have the BRB address it, which is what we tried to do. There's no prejudice to the Miseratic. They agreed to it. It was part of negotiations. But the two things, this case is of its own facts, not likely to be repeated. There are two things the Court can do for guidance and for the parties. One is to tell the ALJ and the OWCP, don't approve stipulations that are not final orders, or if you do, they're not final. That has an effect. That's number one. There's guidance there that this order, the judge approved it as submitted. And secondly, under the regulation that I mentioned, to tell them to do their obligation, their duty, which is when you receive a notice of appeal from any party, and I mentioned the Greenwich Colliery's case, which says the true doubt rule was resolved, that employers and employees are on the same footing. And there are plenty of cases where employees do things that they're allowed to get their matters to proceed. Do you litigate in this area regularly? I do. You've never encountered this problem before? You've never read all the advice that was cited in your opponent's brief that's very clear about what you should do under these circumstances? The advice is Morganti, which is an unpublished decision, which doesn't have stipulations. And there are various secondary sources, which are very specific about what you do. The sources are a bench book, which cites McGregor and Morganti. They don't have our facts. They don't have a stipulation. They don't have a non-final order. The motion for summary of affirmance or the motion to the BRB was the least intrusive way to say, declare it final, because the parties have already agreed that it's going to go to the ninth. It was, but it was 25 days too late. But it was agreed to and approved by the judge. So our position is it was an appeal at the time that it was submitted. Thank you, counsel. Thank you to both counsel for your arguments in the case. The case is now submitted, and that concludes our arguments for the day. All rise. This court for this session stands adjourned.
judges: BERZON, NELSON, BADE